Per Curiam.

The privilege claimed by the defendant, is founded on the constitution of the United States. There is no statute on the subject. The act of congress, granting a compensation to members during their going or returning, allowing twenty miles travel to a day, does not apply to the question of privilege. This privilege is to be taken strictly, and is to be allowed only while the party is attending congress, or is actually on his journey, going or returning from the seat of government. The case of Colvin v. Morgan, (1 Johns. Gas. 415, and notes,) is in point. The motion is denied.
Motion denied.(a)

(a) By the constitution of the United States, (art. 1, § 6,) senators and representatives in congress are privileged from arrest in all cases, except treason, felony, and breach of the peace, during their attendance at the session of their respective houses, and in going to and returning from the same. This privilege (“ indispensable for the just exercise of the legislative power in every nation,”) has always been enjoyed by both houses of the British parliament, and by all the legislative bodies which exist, or have existed, in America. (2 Story’s Comm, on the Const. 325, § 856. 1 Black. Comm. 164, 165. Com. Dig. Parliament, D. 17. Jefferson’s Manual, § 3, Privilege. Benyon v. Evelyn, Sir O. Bridg. R. 334. 1 Kent Comm. p. 221. Bolton v. Martin, 1 Dall. R. 296. Coffin v. Coffin, 4 Mass. R. 1.)
This privilege is a shield against all process, such as a subpoena ad respondendum and testificandum or a summons to serve on a jury, the disobedience to which is punishable by attachment of the person. The reason is well stat-by Justice Story, (2 Comm, on Const, p. 325, § 857.) “ When a representative is withdrawn from his seat by a summons, the people, whom he represents, lose their voice in debate and vote, as they do in his voluntary absence. When a senator is withdrawn by summons, his state loses half its voice in debate and vote, as it does in his voluntary absence. The enormous disparity of the evil admits, of no comparison. The privilege, indeed, is deemed not merely the privilege of the member, or his constituents, but the privilege of the house also. And every man must at his peril take notice, who are the members of the house returned of record.” This privilege has been stated to be co-extensive with that of witnesses, suitors and jurors, (United States v. Cooper, 4 Dall. 341; King v. Coil, 4 Day, 133 ; Gibbs v. Mitchell, 2 Bay,
*223 406 ; see also 1 Graham’s Prac. 3d ed. 511, 512,) which embraces a reasonable time, cundo, morando et redeundo, instead of being limited by any precise time. (Harris v. Grantham, Coxe, 142. Blight v. Fisher, Peters’ C. C. 41. Commonwealth v. Ronald, 4 Call, 97. Richards v. Goodson, 2 Virg. Cas. 381. Hurst’s case, 4 Dall. 387. 4 Yeates, 124, note. 1 Wash. C. C. 186. M’Neil’s case, 6 Mass. R. 245, 264. Meekins v. Smith, 1 H. Black. 636. Walpole v. Alexander, 3 Doug. 45. Anon. Lofft, 34. See the New York cases, 1 Grah. Pr. 3d ed. 515, 516.) I The effect of this privilege is, that the arrest of the member is unlawful, and a trespass ah initio, for which he may maintain an action, or proceed against the aggressor by way of indictment. He may also be discharged by motion to a court of justice, or upon a writ of habeas corpus ; (Jefferson’s Manual, § 3 ; 2 Str. 990 ; 2 Wilson’s R. 151; Cas. Temp. Hard. 28 ;) and the arrest may also be punished, as a contempt of the house. (1 Black. Comm. 164, 165, 166. Com. Dig. Parliament, D. 17. Jefferson’s Manual, § 3.) In respect to the time of going and returning, the law is not so strict in point of time, as to require the party to set out immediately on his return ; but allows him time to settle his private affairs, and to prepare for his journey. Nor does It nicely scan his road, nor is his protection forfeited, by a little deviation from that which is most direct; for it is supposed that some superior convenience or necessity directed it. (Jefferson’s Manual, § 3. 2 Str. 986,987.) The privilege from arrest takes place by force of the election, and before the member has taken his seat, or is sworn. (Jefferson’s Manual, § 3 ; but see Com. Dig. Parliament, D. 17. 2 Story’s Com. on Const. 327, §§ 860, 661.) Where a member of congress, who had been surrendered by his hail, claimed to be discharged on the ground of privilege, and the counsel for the bail proposed to remain responsible for surrendering him within four days after the session of congress, which the counsel for the plaintiff agreed to, the court declared their approbation of the compromise, as affording a good precedent for future cases of a similar kind. (Coxe v. M’Clonachan, 3 Dall. 478.)